UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA BROWN, ON BEHALF OF  CASE NO.: 8:10-CV-01749-JDW-AEP
HERSELF AND THOSE SIMILARLY
SITUATED,

      Plaintiff,

vs.

GULF COAST JEWISH FAMILY
SERVICES, INC., A FLORIDA
CORPORATION,

      Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND
INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Middle District of Florida, Plaintiff, SANDRA BROWN, hereby files this Response in Opposition to Defendant's Motion for Summary Judgment ("Motion") (D.E. 13), and states as follows:

**SUMMARY OF THE ARGUMENT**

Defendant's Motion must fail as a matter of law. The affidavits and deposition testimony attached to this Response are directly at odds with the evidence presented by Defendant in its Motion. A clear factual dispute exists whether Plaintiff was instructed to record a thirty minute lunch break even when she had not taken a break.[1] For this reason alone, this Court must deny

---

[1] The issue in this case is whether Plaintiff, who worked as an hourly paid mental health technician ("MHT"), took a thirty (30) minute lunch break each day. It is undisputed that the thirty minute lunch break is unpaid.

Defendant's Motion. Furthermore, none of the witnesses cited by Defendant in its Motion testified that they actually knew whether Plaintiff took a lunch break each and every day. These witnesses are not competent to testify whether Plaintiff did in fact take a lunch each day, or if she did not take a lunch each day but was still required to put down a thirty (30) minute break. Clear factual disputes make summary judgment inappropriate in this matter.

Additionally, Defendant's own records are inconsistent, and with all inferences drawn in favor of Plaintiff, show that Plaintiff was underpaid for the hours that she worked and also show that Plaintiff is owed overtime compensation due to Defendant's failure to include all compensation in her regular rate of pay.

## **MEMORANDUM OF LAW**

**I.     STANDARD ON MOTIONS FOR SUMMARY JUDGMENT**

It is well settled that a party seeking summary judgment bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact. *See Hairston v. Gainseville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir. 1993) *reh'g and reh'g en banc denied,* 16 F.3d 1233 (11th Cir. 1994). In assessing whether the movant has met this burden, the district court must review the evidence and all factual inferences drawn there from, in the light most favorable to the non-moving party. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material fact. *See id.* To that end, the court must avoid weighing conflicting evidence or making credibility determinations. *See id.* "If a reasonable fact finder could draw more than one inference from the facts and that inference

creates an issue of material fact, a court must not grant summary judgment." *Frew v. Tolt Technologies Service Group, LLC*, 2010 WL 557940, *3 (M.D. Fla. 2010).

## II. <u>GENUINE ISSUES OF MATERIAL FACT EXIST</u>

### a. <u>An Issue Of Fact Exists Whether Plaintiff Was Instructed To Record A Thirty Minute Lunch Break Even If One Was Not Taken.</u>

In its Motion, Defendant states that there is "no evidence that Guincho [Plaintiff's supervisor] instructed the MHT's that they must subtract thirty minutes for their lunch break, even if no break was taken." Defendant's Motion, Page 11. Such evidence does exist. Plaintiff, in her deposition, testified unequivocally that Guincho did instruct her and other MHT's to record a thirty minute break even if not taken. *See* Deposition of Sandra Brown, attached as Exhibit A, P. 48, L. 7-15.[2] This alone creates a fact dispute, but other employees of Defendant have also executed affidavits which support Plaintiff's contention that employees were instructed to record a thirty minute break even if not taken. Attached as Exhibit B and Exhibit C are affidavits from Leslie Thorson and Nancy Tyner, (employees who worked for Defendant during the time in question) testifying that they also heard Guincho and other supervisors instruct employees to record a thirty minute break even if no break was taken. *See* Exhibit B, Paragraph 3; Exhibit C, Paragraphs 3 and 4. This evidence indisputably establishes a genuine issue of material fact, and the factual inferences from this dispute must be construed in favor of Plaintiff. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006) (In assessing whether the movant has met the summary judgment burden, the district court must review the <u>evidence and all factual inferences drawn there from, in the light most favorable to the non-moving party</u>). Here, the Court must draw the inference here in Plaintiff's favor, finding that Defendant gave an

---

[2] Plaintiff is only attaching excerpts of the deposition transcripts for reference since Defendant previously filed complete copies of the depositions attached to its Motion. *See* D.E. 14 – 18.

instruction to its employees to record a thirty minute break even if a break was not taken. This fact dispute alone defeats Defendant's Motion, and this Court should deny Defendant's Motion on this basis.

### b. An Issue of Fact Exists Whether Plaintiff Took Her Break Each Day

Defendant also attempts to show that Plaintiff actually took her lunch break on a daily basis. *See* Defendant's Motion, Page 10 (citing several witnesses who testify that each saw Plaintiff taking lunch breaks during her employment). However, Defendant failed to disclose that each of the witnesses cited also testified that they did not always see Plaintiff taking lunch and were generally unaware of when Plaintiff took a lunch break, or for how long. *See* Deposition of Grazyna Fibkins, attached as Exhibit D, P. 21, L. 7-8, 14-15 ("But if she was taking lunches, I don't know" and "[w]ell, I'm assuming that she was taking her lunches."); Deposition of Alison Voisin, attached as Exhibit E, P. 36, L. 18-21 ("I did not physically see [when Plaintiff began and ended lunch]"); Deposition of Kristin Maguire, attached as Exhibit F, Page 19, L. 18-19 ("No. I could not say how long she took [for lunch]"); and Deposition of Nicole Guincho, attached as Exhibit G, P. 44, L. 16-18 ("Q. Would you be able to know if she worked through lunch? A. Maybe not all the time…"). These witnesses are not competent to testify whether Plaintiff took a lunch break each day[3] and the inference in Defendant's Motion that Plaintiff took her lunch break each day is unsupported.

The affidavits of Leslie Thorson and Nancy Tyner dispute that Plaintiff took her lunch break each day and weigh in Plaintiff's favor. Both witnesses testify that they worked with Plaintiff and witnessed her working through her lunch break. *See* Exhibit B, Paragraph 4;

---

[3] Also, the additional declarations attached to Defendant's Motion do not state whether these individuals knew or saw that Plaintiff did or did not take her lunch break each day.

4

Exhibit C, Paragraph 3. This evidence is directly opposite of Defendant's assertions and again shows a material dispute of fact which must be construed in Plaintiff's favor. This inference shows that Plaintiff did work through her lunch breaks and makes summary judgment for Defendant inappropriate.

### c. <u>An Issue of Fact Exists Whether Defendant Knew Plaintiff Was Working Through Her Lunch Break.</u>

Defendant also tries to suggest that it had no knowledge that Plaintiff worked through her lunch breaks and should not be liable for such compensation. *See* Defendant's Motion, P. 16-17. This assertion is also disputed since the evidence and inference in Plaintiff's favor above shows that Defendant did instruct its employees to record a thirty minute lunch break even if one was not taken. Such an instruction shows that Defendant was aware employees like Plaintiff would work through the lunch break and not be paid for it.[4]

Additionally, Defendant's own records show that Plaintiff worked through her lunch break. As part of her job duties, Plaintiff had to perform Wellness and Accountability checks, where she checked on each patient in the facility every two hours and recorded the time in which

---

[4] This factual inference also defeats Defendant's argument that only a two year statute of limitations applies. *See* Defendant's Motion, P. 24. At this stage, this Court must construe the facts in favor of Plaintiff, which will show an inference that Plaintiff was instructed to record a thirty minute break even if none was taken. Such an act by an employer would certainly be a willful violation of the FLSA, and summary judgment on this aspect must be denied. *See Frew v. Tolt Technologies Service Group, LLC*, 2010 WL 557940, *8 (M.D. Fla. 2010) (denying employer's motion for summary judgment on a statue of limitations defense where evidence existed suggesting the employer instructed the employee to record a thirty minute lunch break even if it wasn't taken).

Also, Defendant can not attempt to hide behind any argument that it did not ask Plaintiff to perform work during lunch. "It is not relevant that the employer did not ask the employee to do the work. The reason the employee performed the work is also not relevant." *Allen v. Bd. Of Pub. Educ.*, 495 F.3d 1306, 1314 (11th Cir. 2007).

the check occurred. *See*, Exhibit G, P. 61, L. 18-24. These records show that Plaintiff was performing these checks during her lunch break. Attached as Exhibit H are two examples of Plaintiff performing these checks at 12:10 on January 31, 2010, and at 12:00 on February 13, 2010, when she was allegedly on break from 11:45-12:15 as shown on the time sheet. Clearly, Plaintiff was working through her lunch break when these checks were performed. These Wellness and Accountability records are kept by Defendant and show that Defendant had knowledge that Plaintiff was working through her lunch breaks.

This Court should deny Defendant's Motion because Defendant has failed to meet its burden that no genuine issue of material fact exists. In reality, there is a dispute of fact on almost every critical factual issue in this lawsuit. Plaintiff and Defendant have presented competing evidence on whether Plaintiff was instructed to record a thirty minute break even if she did not take one; on whether Plaintiff actually worked during her lunch breaks; and on whether Defendant knew or had reason to know that Plaintiff worked through her breaks. Because this Court must construe all factual discrepancies and inferences in Plaintiff's favor, it is clear that Defendant's Motion fails.

### III. **DEFENDANT'S RECORDS SHOW PLAINTIFF WAS NOT PAID FOR ALL HOURS WORKED AND IS ENTITLED TO ADDITIONAL OVERTIME COMPENSATION.**

#### a. **Defendant's Records Show Plaintiff Was Not Paid For All Hours Worked.**

This Court should also deny Defendant's Motion because Defendant's own records show that Plaintiff was not paid for all hours worked and is entitled to additional compensation. As described above, Defendant's Wellness and Accountability records show that Plaintiff worked through her lunch breaks and was not compensated for this time. Other time records of Plaintiff also show that she was not paid for all time recorded. Attached as Exhibit I are examples of

Plaintiff's time records in which she recorded (and her supervisors reviewed and approved) 8.5 hours of actual work performed (for her normal shift), but where she was only paid for 8 hours per day. Defendant's supervisor even admitted the time records were inaccurate as written. *See* Exhibit G, P. 64, L. 15-22. "Were there is a genuine issue of material fact as to the accuracy of an employer's time records, an employee must show the amount of unpaid work "as a matter of just and reasonable inference," which is a very low burden." *Frew,* 2010 WL 557940 at *4 (citing *Allen v. Bd. Of Pub. Educ.*, 495 F.3d 1306, 1316 (11th Cir. 2007)). Here, Plaintiff has presented testimony, including affidavits of two other employees she worked with as well as Defendant's own conflicting records, to show a reasonable inference that she was not paid for all hours worked and is entitled to additional compensation.

Any argument that Plaintiff can not name how many hours she was unpaid is also unavailing. "[I]f the employee can not offer convincing substitutes: "[t]he solution… is not to penalize the employee…"" and "any inconsistency or uncertainty in an employee's testimony about the number of unpaid hours of work should be tested by cross-examination and left for the jury to consider." *Frew*, 2010 WL 557940 at *5 (citing *Allen*, 495 F.3d at 1315-17). Thus, any argument made by Defendant that Plaintiff can not name the precise amount of hours worked but not paid for, or any alleged inconsistency in her testimony, is not properly decided at summary judgment, but is left for a jury to consider and decide.

At the summary judgment level, all reasonable inferences are weighed in favor of the non-moving party, which in this instance is the Plaintiff. Thus, because of the discrepancies in Defendant's own records, Defendant's records must be construed to show that Plaintiff actually worked 8.5 hours per shift (which is what is recorded on the time records attached as Exhibit I),

but was only paid for 8 hours of work. Since Defendants records do not even show that Plaintiff was paid for all time recorded, this Court must also deny Defendant's Motion for this reason.

    **b. <u>Defendant's Records Show Plaintiff Is Entitled To Additional Overtime Compensation Due To Shift Differentials.</u>**

Defendant's records show that in weeks in which Plaintiff received shift differentials for working different shifts, her overtime compensation was incorrectly calculated and Plaintiff is entitled to additional compensation. "In calculating the regular rate of pay, the FLSA requires the employer to include shift differentials." *Herman v. City of St. Petersburg, FL, Police Dept.*, 131 F.Supp.2d 1329, 1331 (M.D. Fla. 2001); *see also* 29 C.F.R. §778.207(b). Here, Defendant failed to include Plaintiff's shift differentials in her overtime calculation. Attached as Exhibit J is one example of a week in which Defendant failed to pay complete overtime compensation. During this week in question, Plaintiff earned $145.50 in shift differentials, which was not included in the regular rate of pay in calculating her overtime compensation. Plaintiff should have been paid the following:

- $11/hr x 97 total hours worked = $1,067.00 + $145.50 shift differentials = $1,212.50 in total compensation for the regular rate of pay. $1,212.50 / 97 total hours worked = $12.50 regular rate x 1.5 = $18.75 (overtime rate) x 17 overtime hours worked = $318.75 in overtime compensation due - $280.50 (overtime compensation actually paid) = $38.25 in overtime compensation still owed to Plaintiff.

Defendant can make no argument that Plaintiff has not been paid all overtime compensation due because of these earned shift differentials. Defendant's pay practice of failing to include the shift differential in the calculation of overtime compensation is clearly in violation of the FLSA and Plaintiff is entitled to this additional compensation. Because of this,

Defendant's own records again show that summary judgment is inappropriate and this Court should deny Defendant's Motion.

## IV. CONCLUSION

This Court must deny Defendant's Motion for numerous reasons. As shown above, genuine issues of material fact exists with respect to critical fact issues in this case. Since this matter is at the summary judgment level, all inferences must be drawn in favor of the non-moving party (Plaintiff here). Thus, the factual inferences in Plaintiff's favor show that Plaintiff was instructed to record a thirty minute break even if she did not take one; that Plaintiff worked through her lunch breaks; and that Defendant knew or had reason to know that Plaintiff worked through her lunch breaks. With these inferences in Plaintiff's favor, it is apparent that Defendant's Motion fails.

Additionally, Defendant's Motion must be denied because Defendant's own inconsistent records show that Plaintiff was not paid for all time recorded, and that Plaintiff was not paid proper overtime compensation due to Defendant's failure to include shift differentials in the regular rate of pay. For all these reasons, Defendant's Motion for Summary Judgment must be denied.

### Notice of Compliance

Pursuant to this Court's Order dated May 3, 2011 (D.E. 23), Plaintiff certifies that a courtesy copy of this Response and all exhibits have been submitted to this Court via overnight delivery.

WHEREFORE, Plaintiff respectfully requests this Court deny Defendant's Motion for Summary Judgment, and award any and all other relief that is just and proper.

Respectfully submitted this 31st day of May, 2011.

**/s/ C. RYAN MORGAN**
C. RYAN MORGAN, ESQ.
Florida Bar No. 0015527
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Phone: (407) 420-1414
Fax: (407) 420-5956
Email: rmorgan@forthepeople.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Thomas M. Gonzalez, Esq. and Erin G. Jackson, Esq., Thompson, Sizemore, Gonzalez & Hearing, P.A., One Tampa City Center 201 N. Franklin Street, Suite 1600, Tampa, FL 33602, Telephone: (813) 273-0050, Facsimile: (813) 273-0072, E-mail: tgonzalez@tsghlaw.com, ejackson@tsghlaw.com, Attorneys for Defendant.

**/s/ C. RYAN MORGAN**
C. RYAN MORGAN, ESQ.
